UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

      - v. -

WILBERT WHITTINGTON,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:  PRELIMINARY ORDER OF
:  FORFEITURE AS TO
:  SPECIFIC PROPERTY
:
:  25 Cr. 519 (JLR)
:
:

WHEREAS, on or about November 5, 2025, WILBERT WHITTINGTON (the "Defendant"), was charged in a one-count Indictment, 25 Cr. 519 (JLR) (the "Indictment"), with possession of a firearm after a felony conviction, in violation of Title 18, United States Code, Sections 922(g)(1) (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count One of the Indictment, including but not limited to:

    a.  One (1) silver and black 9mm Ruger SR9 semi-automatic pistol with serial number 330-70631 (the "Firearm"); and

    b.  Sixteen (16) rounds of Luger 9mm ammunition seized with the Firearm

(a. and b., together, the "Indictment Property");

WHEREAS, on or about June 12, 2026, the Defendant pled guilty to Count One of the Indictment;

WHEREAS, the Government asserts the following property, which was seized by the Government on or about August 6, 2025, in the vicinity of the southeast corner of East 161st

Street and Elton Ave, the Bronx, New York, as a firearm and ammunition involved in or used in the offense charged in Count One of the Indictment:

    a.   The Indictment Property; and

    b.   One (1) Ruger magazine

(a. and b., together, the "Specific Property");

WHEREAS, the Government seeks the forfeiture of all of the Defendant's right, title and interest in the Specific Property, as a firearm and ammunition involved in or used in the offense charged in Count One of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, WILBERT WHITTINGTON, and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.      The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


SO ORDERED:

_Jennifer Rochon_

HONORABLE JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

June 29, 2026
DATE